# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHNNY R. KOTCHAVAR, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 14-1333-KHV |
| SOCIAL SECURITY ADMINISTRATION, COMMISSIONER OF | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER NUNC PRO TUNC

Johnny R. Kotchavar appealed the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA") 42 U.S.C. §§ 401 et seq. On October 4, 2016, pursuant to the fourth sentence of 24 U.S.C. § 405(g), the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Judgment In A Civil Case (Doc. #27). On February 9, 2017, pursuant to the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the Court awarded plaintiff attorney's fees in the amount of $6,505.97. Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #30). This matter comes before the Court on plaintiff's Motion For Approval Of Attorney Fees (Doc. #31) filed October 3, 2018.

## Background Information

On October 9, 2014, plaintiff and his attorney entered into a contingency fee agreement regarding representation in federal court. See Contingent Fee Agreement, Exhibit A[1] to Memorandum In Support Of Motion For Attorney Fees (Doc. #32). The agreement provides that

---

[1] Plaintiff's Memorandum In Support Of Motion For Attorney Fees (Doc. #32) contains two exhibits marked "B." The Court considers the first Exhibit B to be Exhibit A.

in the event benefits are awarded, subject to review, approval and/or modification by the court, counsel shall receive 25 per cent of all past due social security disability and social security insurance benefits.  Id.

As noted, the Court previously entered judgment reversing and remanding the Commissioner's decision and awarded attorney's fees under the EAJA in the amount of $6,505.97. Order Granting Attorney's Fees Under The Equal Access To Justice Act (EAJA) (Doc. #30).

On remand, the Social Security Administration decided the case partially in favor of plaintiff.  See Memorandum In Support Of Motion For Attorney Fees (Doc. #32) at 1 and Exhibit B thereto.  Specifically, the Social Security Administration found that plaintiff has been disabled since September 17, 2009 and awarded past-due benefits in the amount of $105,683.00. See id.  From past-due benefits, i.e. $105,683.00, the Social Security Administration withheld 25 per cent, i.e. $26,420.75.  See Memorandum In Support Of Motion For Attorney Fees (Doc. #32), Exhibit B.

**Legal Standards**

Attorneys handling social security cases in court may seek fees under both the EAJA and the SSA.  See McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).  The statutes provide two different types of fee awards which the Court determines separately.  See id. (citing Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001)).  Under the EAJA, unless it finds that the government's position was "substantially justified" or that special circumstances make an award unjust, the Court may award fees based on a statutory maximum hourly rate of $125.00. 28 U.S.C. § 2412(d).  Fees awarded under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid from agency funds.  See McGraw, 450 F.3d at 497 (citing Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir. 1994)); 28 U.S.C. § 2412(d)(1)(A) (EAJA fee

awarded to prevailing party). As such, the government may offset fees awarded under the EAJA to satisfy a claimant's pre-existing debt to the government. See Astrue v. Ratliff, 560 U.S. 586, 589 (2010).

Under the SSA, the Court awards fees out of past due benefits to satisfy a client's obligation to counsel. See 42 U.S.C. § 406(b)(1)(A);[2] McGraw, 450 F.3d at 497. In awarding fees under the SSA, the Court exercises discretion. Gordon v. Astrue, 361 F. App'x 933, 935 (10th Cir. 2010). The Court determines such fees based on reasonableness, with a statutory maximum of 25 per cent of past due benefits. See id. The Court may determine a reasonable fee based on a lodestar calculation[3] or a contingency fee agreement between the attorney and client. See Gisbrecht v. Barnhart, 535 U.S. 789, 799-800 (2002).[4] SSA fees are paid directly to counsel. See McGraw, 450 F.3d at 497; 42 U.S.C. § 406(b)(1) (SSA fee paid out of past due benefits). If

---

[2] Section 406(b) states, in part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

[3] The Court calculates the lodestar amount by multiplying the hours which counsel reasonably spent on the litigation by a reasonable hourly rate. See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).

[4] In Gisbrecht, the Supreme Court found that Section 406(b) does not exclude contingent fee contracts that produce fees within the statutory ceiling. 535 U.S. at 800. The Court noted that the statute requires courts to review such agreements as an "independent check" to ensure that they yield reasonable results in particular cases. Id. at 807.

counsel receives fees under both the EAJA and the SSA, counsel must refund the smaller amount to plaintiff. See McGraw, 450 F.3d at 497-98 (citing Gisbrecht, 535 U.S. at 796; Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986)).

**Analysis**

Under the SSA, 42 U.S.C. § 406(b), counsel asks the Court to authorize attorney's fees in the amount of $13,640.00 and provide for the refund of the lesser of this amount and the EAJA fees counsel receives. See Memorandum In Support Of Motion For Attorney Fees (Doc. #32) at 2. Section 406(b) limits attorney fee awards to 25 per cent of the total past due benefits to which claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In addition, the fee must be reasonable. Id. In Gisbrecht, the Supreme Court found that although Section 406(b) does not displace contingency fee agreements between plaintiffs and their counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." 535 U.S. at 807. When evaluating reasonableness of a contingency fee, the Court considers whether (1) the character of the representation and the results it achieved were substandard; (2) the attorney is responsible for delay that causes disability benefits to accrue during the pendency of the case in court; and (3) the benefits are large in comparison to the amount of time counsel spent on the case. Gordon v. Astrue, 361 F. App'x 933, 934 (10th Cir. 2010) (citing Gisbrecht, 535 U.S. at 808).

Here, the Court finds that an award of $13,640.00 is reasonable and within the statutory limit. Counsel recorded 34.10 hours of work on the case. See Memorandum In Support Of Motion For Attorney Fees (Doc. #32), Exhibit C. The total amount requested, i.e., $13,640.00, translates to an effective hourly rate of $400.00.[5] In other social security cases, the court has

---

[5] $13,640.00 divided by 34.10 equals $400.00.

approved reasonable attorney's fees in the range of $258.00 to $418.00 per hour.  See Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (citing cases with reasonable hourly fees ranging from $258 to $418); Duff v. Colvin, 13-2466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (hourly fee of $358.50 reasonable).  Accordingly, $400.00 per hour is within the range of reasonable fees which the court has approved.

The Commissioner does not object to the requested fee award, but notes that since plaintiff was also awarded attorney fees under the EAJA, counsel must return the lesser of the two fees to plaintiff.  See Defendant's Response To Plaintiff's Attorney's Motion For Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #33) filed October 4, 2018 at 1-2.  The Commissioner also notes that in plaintiff's Memorandum In Support Of Motion For Attorney Fees (Doc. #32), plaintiff's counsel alerted the Commissioner that counsel has not yet received the EAJA fees awarded.  The Commissioner has taken steps to correct this error and process payment of the $6,505.97 in attorney fees awarded to plaintiff under the EAJA.  See Defendant's Response To Plaintiff's Attorney's Motion For Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #33) at 2.  On this record, the Court finds that a fee award of $13,640.00 is reasonable.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Approval Of Attorney Fees (Doc. #31) filed October 3, 2018 is **SUSTAINED**.  Under 42 U.S.C. § 406(b), plaintiff's attorney, David Gray, is entitled to fees in the amount of $13,640.00.  The Commissioner shall pay those fees from the amount which she is holding from plaintiff's past due benefits.  The Commissioner shall pay to plaintiff any remainder of withheld benefits.  If plaintiff's attorney receives the unpaid balance of $6,505.97, he shall promptly reimburse the plaintiff that amount.

Dated this 21st day of November, 2018 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge